UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 12-4786 DSF (RZx) | Date | 8/15/12 |
|---|---|---|---|
| Title | Carol Richards, et al. v. Deutsche Bank National Trust Co., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    (In Chambers) Order to Show Cause Why Court Should Not Drop Plaintiffs Other Than Plaintiff Richards

    Plaintiffs are individuals whose homes have been foreclosed on, and they face eviction from their property. (Compl. ¶¶ 24, 68.) Plaintiffs took out loans, from various lenders, which were secured by Deeds of Trust. (Id. ¶¶ 8-16.) Plaintiffs allege that each Deed of Trust was securitized and transferred to one of various trust pools for which Defendant Deutsche Bank was trustee. (Id. ¶¶ 8-16, 18.) Plaintiffs sue Deutsche Bank and the alleged servicers of the various loans, seeking to set aside the foreclosures and alleging violations of state and federal law.

    To join together in one action, plaintiffs must meet two requirements: (1) the plaintiffs must assert a right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action. Fed. R. Civ. P. 20(a); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

    The test for permissive joinder is not met in this case as each Plaintiff's claim involves a different loan transaction and foreclosure. Plaintiffs' wholly unsupported and speculative allegation that the various Defendants conspired to defraud each individual Plaintiff, (Compl. ¶¶ 23-24, 47), does not satisfy the requirement that Plaintiffs' claims arise out of the same transaction, occurrence, or series of occurrences, nor does it obviate the need for separate proof as to each individual claim. In addition, Plaintiffs will not be prejudiced by having to pursue their claims independently.

    The Court therefore orders Plaintiffs to show cause why all Plaintiffs other than Plaintiff Richards should not be dropped from this action. See Fed. R. Civ. P. 21; PPV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

<u>Connection, Inc. v. Melendez</u>, 679 F. Supp. 2d 254, 256-57 (D.P.R. 2010) (ordering dismissal without prejudice for improper joinder of the plaintiff's claims against several defendants where the plaintiff sued numerous defendants alleging that they had each, on independent occasions, violated antipiracy statues by illegally broadcasting programs for which the plaintiff owned the licensing and distribution rights).

In response to this Order to Show Cause, Plaintiffs other than Richards may each file a separate action against any or all Defendants (so long as the allegations can be asserted consistent with Rule 11 of the Federal Rules of Civil Procedure) with new complaints, filing fees and a notice of related cases naming this action.  The new separate actions will be deemed continuations of the original action for purposes of the statute of limitations.  On receipt of the new actions, the Court will drop Plaintiffs (other than Richards) from this action, and dismiss their claims without prejudice.

The response to this order to show cause is due no later than August 30.  Failure to respond to this Order to Show Cause by that date will result in the dropping of all Plaintiffs other than Richards.

IT IS SO ORDERED.